**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| IN RE: ) | |
| GARY MICHAEL LEE ) | CASE NO. 17-41948-drd-13 |
| ROBIN JENE LEE ) | |
| Debtors. ) | |

**TRUSTEE'S MOTION TO DISMISS FOR
FAILURE TO QUALIFY UNDER 11 U.S.C. SECTION 109(E)**

COMES NOW, Richard V. Fink, Chapter 13 Trustee, and files this Motion to Dismiss Case and in support thereof states:

1. 11 U.S.C. Section 109(e) provides that only an individual with regular income that owes, on the date of filing of the petition, non-contingent, liquidated, unsecured debts of less than $394,725.00 and non-contingent, liquidated, secured debts of less than $1,184,200.00 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of filing the petition, non-contingent, liquidated, unsecured debts that aggregate less than $394,725.00 and non-contingent liquidated, secured debts of less than $1,184,200.00 may be a debtor under chapter 13 of this title.

2. Debtors have $548,507.29 in scheduled non-priority unsecured and priority unsecured debts based on Schedule E/F and both the original and amended Schedule D.

3. Debtors have filed a Motion to Avoid the lien of Barrick Properties and are attempting to fully avoid the judgment lien, thereby treating the claim as fully unsecured.

4. Debtors have $1,188.605.22 in filed non-priority unsecured and priority unsecured debts if the secured claim of Barrick Properties is fully avoided and allowed as a non-priority unsecured claim and if the unsecured amount of Community Bank of Raymore's claim is included.

5. Debtors have not marked any debts as contingent or unliquidated.

6. On December 1, 2016, Mr. Lee filed a prior Chapter 7, Case No. 16-43294. On the same date, Mrs. Lee filed a prior Chapter 13, Case No. 16-43293, which was voluntarily converted to a Chapter 7 due to a pending motion to dismiss for violation of Section 109(e) in that case.

7. The two pending Chapter 7 cases were then consolidated under Case No. 16-43293. On July 18, 2017, the debtors received a Chapter 7 discharge, but their Chapter 7 case remains

open. On July 21, 2017, the debtors filed this underlying Chapter 13 case and are not entitled to a discharge.

8. The claim of Barrick Properties was scheduled unsecured in the Chapter 7, when, in fact, it was a secured claim based on the trustee's title search showing the creditor had obtained a valid judgment lien. It was therefore not discharged in the prior Chapter 7.

9. Upon information and belief, the debtors filed this current Chapter 13 case to pay their mortgage and any equity in their home to the Chapter 7 trustee in their pending case, Case No. 16-43293, to disburse on the filed claims in that case. Further, the debtors scheduled their mortgage with Community Bank of Raymore to be paid in full at $177,446.00 with a scheduled value of $275,000.00. However, the claim came in at $448,371.73 with $44,979.11 in pre-petition arrears, and includes unscheduled guaranteed loans. It does not appear there is any equity to pay to the Chapter 7 trustee and the plan is not feasible to pay the mortgage in full.

10. The Sixth Circuit Court of Appeals stated in the matter of *In re Pearson*, 773 F 2d. 751, 756 (6th Cir. 1985), "…a court should rely primarily upon the debtor's schedules, checking only to see if the schedules were made in good faith on the theory that 109(e) considers debts as they exist at the time of filing, not after a hearing."

11. The Western District of Missouri cited Pearson in *In re Rigdon*, 94 B.R. 602, 605 (WDMo 1988), stating that "in making the aggregate debt determination to see if a debtor qualifies for Chapter 13 relief, a court should rely primarily on the debtor's schedules at the time they were filed as long as they are filed in good faith."

12. It appears the debtors are attempting the equivalent of a Chapter 20 to save their home. However, the debtors do not qualify as chapter 13 debtors because, on the date of filing, the debtors' unsecured debt is over the debt limits set forth in 109(e).

WHEREFORE, the Trustee moves the Court for an Order dismissing the above captioned case without prejudice for failure to qualify under 11 U.S.C. Section 109(e).

>Respectfully submitted,
>
>/s/ Richard V. Fink, Trustee
>Richard V. Fink, Trustee
>2345 Grand Blvd., Ste. 1200
>Kansas City, MO 64108-2663
>(816) 842-1031

**NOTICE OF MOTION**

**Any response to the motion must be filed within twenty-one (21) days of the date of this notice (subject to an extension pursuant to Federal Rule of Bankruptcy Procedure**

**9006) with the Clerk of the United States Bankruptcy Court.  Documents can be filed electronically at http://ecf.mowb.uscourts.gov.  A copy of such response shall be served electronically by the Court on the Chapter 13 Trustee and all other parties to the case who have registered for electronic filing.  Parties not represented by an attorney may mail a response to the Court at the address below.  If a response is timely filed, the Court will either rule the matter based on the pleadings, or set the matter for a hearing.  If a hearing is to be held, notice of such hearing will be sent to all parties in interest.  If no response is filed within twenty-one (21) days (subject to an extension pursuant to Federal Rule of Bankruptcy Procedure 9006), this proceeding will be dismissed by separate Order of the Court.  For information about electronic filing, go to http://www.mow.uscourts.gov.  If you have any questions about this document, contact your attorney.**

**Court Address: U.S. Bankruptcy Court, 400 E. 9th St., Room 1510, Kansas City, MO 64106**

## NOTICE OF SERVICE

The following parties will be served either electronically or by United States First Class Mail and a certificate of service will be filed thereafter:

Debtors
Jeffrey A. Koons, attorney for debtors (352)

/s/ Richard V. Fink, Trustee